IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-105-FL

| | | |
|---|---|---|
| BOBBY WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for attorneys' fees filed by plaintiff's counsel, Elizabeth F. Lunn, on November 5, 2010 (DE # 31). No party has responded to this motion, and the time within which to do so has expired. Accordingly, the issues raised by counsel's motion now are ripe for adjudication.

Pursuant to 42 U.S.C. § 406(b), whenever the court renders a judgment favorable to a claimant, it may award attorneys' fees not to exceed 25% of past due benefits. Such fees may be granted even where the past due benefits are granted by the Commissioner after remand from the court. See Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967). If an attorney who is awarded fees under § 406(b) has previously been awarded fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), he or she must surrender to the claimant the amount of the smaller fee. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

In the instant case, the fee agreement between plaintiff and counsel provides for a contingency fee of 25% of past due benefits. In these circumstances, the reviewing court does not calculate a lodestar amount; it simply reviews the fee claimed for reasonableness. See Mudd v.

Barnhart, 418 F.3d 424, 427-28 (4th Cir. 2005) (citing Gisbrecht, 535 U.S. at 801, 808). In its discretion, the court may reduce an unreasonable fee if (1) the fee is out of line with the character of the representation and the results achieved, (2) counsel's delay caused additional past due benefits to accrue, or (3) the past due benefits are large in comparison to the time counsel spent on the case. Id. at 428 (citing Gisbrecht, 535 U.S. at 808).

The court has reviewed the amount requested by counsel and finds it to be reasonable. Accordingly, counsel's motion is ALLOWED. Plaintiff was awarded $57,225.00 in past due benefits at the administrative level after this court entered judgment remanding his claim to the Commissioner. Twenty-five percent of this amount is $14,306.25.[*] Because counsel has already been awarded $6,000.00 in fees at the administrative level, the Social Security Administration shall release the sum of $8,306.25 to plaintiff's counsel as attorneys' fees for services rendered before this court. Counsel shall return to plaintiff the fee previously awarded under the EAJA.

SO ORDERED this the 13th day of December, 2010.

*[signature]*

LOUISE W. FLANAGAN
Chief United States District Judge

---

[*] The Social Security Administration is withholding $14,313.75 from plaintiff's past due benefits to pay plaintiff's counsel. This appears to be 25% of $57,255.00. Because the evidence before the court and the motion of plaintiff's counsel indicates that the past due benefits awarded are in fact equal to $57,225.00, the court has used this smaller number in its calculations.